[Department Two—July 28, 1883.]

## THE PEOPLE, RESPONDENT, *v.* JOHN O'BRIEN, APPELLANT.

CRIMINAL LAW—INDICTMENT—DEFECTS OF FORM.—The indictment charged the defendant with grand larceny, and then alleged a previous conviction of a similar offense, concluding with the words "contrary to the form, force, and effect of the statute," etc. Defendant urged that there was a material departure from the form prescribed by the Code in this, that the concluding phrase followed the allegation of prior conviction and not the charge of grand larceny. *Held*, that the defect was a matter of form not prejudicial to any substantial right of the defendant, and did not affect the indictment or conviction.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing a new trial, and from an order denying a motion in arrest of judgment.

The facts are stated in the opinion of the court.

*Charles B. Darwin*, for Appellant.

*Attorney-General Marshall*, for Respondent.

SHARPSTEIN, J. — The indictment charges the defendant with grand larceny, and then alleges a previous conviction of a similar offense, winding up with the words "contrary to the form, force, and effect of the statute," etc. Counsel for appellant suggests that as these words directly follow the allegation of a prior conviction, which follows the clause containing the charge on which he was tried, there is a material departure from the form prescribed in the Code.

Any defect or imperfection in matter of form, and that relied on here is nothing more, which does not tend to the prejudice,

which this defect does not, of a substantial right of the defendant upon the merits, does not render the indictment insufficient, nor affect the trial, judgment, or other proceedings thereon. (Pen. Code, § 960.)

The Code provides that an indictment may be substantially in a given form. But the pleader is not limited to that form, although we would advise a strict compliance with it; particularly in a matter of form, such as the concluding stereotyped phrase which, in this instance, the pleader seems to have misplaced.

Judgment and orders affirmed.

THORNTON, J., and MYRICK, J., concurred.